**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**NYCOMED US INC.,**

|                        |                              |
|------------------------|------------------------------|
| **Plaintiff,**         | **MEMORANDUM AND ORDER**     |
| **-against-**          | **09-CV-5123 (CBA)**         |

**PERRIGO ISRAEL PHARMACEUTICAL,**
**LTD., et al.,**

                                        **Defendants.**
-----------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

The Court has reviewed the parties' proposed discovery and briefing schedules, and has

considered the arguments advanced at the initial conference held on February 3, 2010.  For the

reasons summarized below, the Court has crafted its own schedule ("Schedule"), which is

attached hereto.

As reflected in the attached Schedule, the Court has adopted a bifurcated approach to

discovery, similar to that proposed by Nycomed at the February 3rd initial conference.  The

Court's Schedule provides that claim construction discovery and briefing and the *Markman*

hearing will precede fact and expert discovery (as well as dispositive motions) on the

remaining issues in the case.  In addition, in order to streamline the issues presented at the

*Markman* hearing, the Court directs that, early on in the claim construction discovery period,

the parties disclose their current (non-binding) claim construction positions, and current

allegations of infringement (Nycomed) and non-infringement and invalidity (Perrigo).

The Court rejects Perrigo's suggestion that infringement and invalidity contentions are

not relevant to claim construction and ordinarily are not exchanged until the close of

discovery.  See Transcript of Proceedings Held on February 3, 2010 ("2/3/10 Tr.") at 45–47,

52, ECF Docket Entry #11.  The Court's approach is consistent with the procedures followed

by most of those districts that have, in recent years, adopted formal rules relating specifically

to patent litigation.  See N.D. Cal. Patent L.R. 1.1–4.7 (effective Dec. 2009); N.D. Ga.

Patent L.R. LPR 1.1–7.3; E.D. Tex. P.R. 1.1–4.6 (effective Nov. 19, 2007); N.D. Tex.

Misc. Order No. 62 ¶¶ 1.1– 4.6 (approved Nov. 16, 2009); W.D. Pa. LPR 1.1–5.2 (effective

Dec. 1, 2009); S.D. Cal. Patent L.R. 1.1–4.5 (effective Dec. 1, 2009); D. Mass. Local Rule

16.6 (effective Nov. 14, 2008).  Although no district within the Second Circuit has adopted

Local Patent Rules, various judges in this District have in their discretion ordered preliminary

exchanges of positions on claim construction, infringement and invalidity.  See, e.g., Web

Tracking Solutions, LLC v. Google, 08-CV-3139(RRM)(RER), Order (May 4, 2009).

Indeed, in Nycomed v. Glenmark Generics, et al., 08-CV-5023(CBA)(RLM)  (the "Glenmark

action"), the patent case to which this one has been related, the undersigned magistrate judge

required the parties to disclose the aforesaid information at an early stage of discovery.  See

Glenmark action, Order and Schedule (Feb. 17, 2009).

Perrigo's primary objection to Nycomed's proposed bifurcated schedule is that the

timeline is too abbreviated.  See 2/3/10 Tr. at 46–48.  This Court disagrees.  Again, the Local

Patent Rules adopted in other districts are instructive.  For example, the Western District of

Pennsylvania provides for a *Markman* hearing within about five months from the initial

conference.  See W.D. Pa. LPR 3.2–4.4.  Most of the Patent Rules of the remaining districts

contemplate that a *Markman* hearing will be held within six or seven months after the initial

conference.  E.g., N.D. Cal. Local P.R. 4.1– 4.6 (about 6½ months); N.D. Ga. Patent L.R.

LPR 6.1–6.5 (about 6 months); N.D. Tex. Misc. Order No. 62 ¶¶ 4.1– 4.6 (about 6½ months); E.D. Tex. P.R. 4.1–4.6 (about 6½ months).

In the instant case, the discovery conducted and record created in the related <u>Glenmark</u> action obviates the need for a timeline as long as six or seven months.  Nycomed has agreed to promptly produce to Perrigo, without a formal discovery demand, all Nycomed documents produced in that action, all deposition transcripts of Nycomed witnesses, and all *Markman* briefing in that case.  <u>See</u> 2/3/10 Tr. at 39-41.  That disclosure will advance the discovery process by at least several months -- time that Perrigo would otherwise have to spend crafting requests and pursuing discovery from Nycomed.

The Court has not yet decided whether to consolidate the *Markman* hearings in this case and the <u>Glenmark</u> action.  At this point, the Court cannot determine how much time will be devoted to reopened discovery in the related case.  Nevertheless, even if the two cases proceed on different temporal tracks, with the <u>Glenmark</u> hearing proceeding first, the interest of judicial efficiency militates against a leisurely schedule in this case.  As both actions concern the same patent-in-suit, and the *Markman* hearings are likely to involve many of the same claim terms, the court that construes those claim terms ought to be presented with the parties' positions in this case while those issues are still fresh in the judicial mind.

Perrigo complains that the timeline proposed by Nycomed is unrealistic because of another trial involving Perrigo that is scheduled to commence next month.  <u>See</u> 2/3/10 Tr. at 14-15, 45.  Nycomed's proposal takes into account Perrigo's other trial, <u>see id.</u> at 39-40, 41-42, and, in this Court's view, overcompensates for that obligation.  As Nycomed observed, litigation is part of Perrigo's business model.  <u>See id.</u> at 51-52.  Perrigo cannot expect to

suspend litigation in this action while it proceeds to trial in another case.[1] Much of the

groundwork for claim construction has already been laid in the Glenmark action. In these

circumstances, a schedule that contemplates a *Markman* hearing approximately five months

after the initial conference is not unreasonable.

       **SO ORDERED.**

**Dated:    Brooklyn, New York**
              **February 12, 2010**

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[1]  Both Perrigo defendants -- the parent and its subsidiary -- are large pharmaceutical
companies that presumably are capable of managing multiple litigations simultaneously. See,
e.g. Press Release, Perrigo Company, Perrigo Reports Record Quarterly Revenue and
earnings and Raises Full Year Adjusted EPS Guidance (Feb. 2, 2010),
http://www.perrigo.com//uploadedfiles/Investors/Press_Releases/20100202072105246.pdg
($583 million in revenue for the parent company in the second quarter of fiscal year 2009
alone); Perrigo Pharmaceutical Company - Company Overview - Hoover's,
http://www.hoovers.com/Perrigo-Israel-Pharmaceuticals-Ltd/--HD_jffsyjr, src_global--/free-
co-dnb_factsheet.xhtml. ($1,318 million in sales in 2008 for subsidiary, Perrigo Israel).