IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X
NYCOMED US INC.

       Plaintiffs,

v.

PERRIGO ISRAEL PHARMACEUTICALS,
LTD., and PERRIGO COMPANY

       Defendants.
---------------------------------------------------------X

Civ. Action No. 09-5123 (CBA-RLM)

## CONSENT JUDGMENT

Plaintiff Nycomed US Inc. ("Nycomed") and Defendants Perrigo Israel Pharmaceuticals, Ltd. and Perrigo Company (hereinafter collectively "Perrigo"), have agreed to terms and conditions representing a negotiated settlement of this action and have set forth those terms and conditions in a Settlement Agreement (the "Settlement Agreement"). Now the parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment and an injunction in this action as follows:

The Court HEREBY ORDERS, ADJUDGES AND DECREES:

1.    This Court has jurisdiction over the subject matter of this action and has personal jurisdiction over the parties.

2.    As used in this Consent Judgment, (i) the term "Perrigo Product" shall mean any product manufactured, used, sold, offered for sale, imported or distributed pursuant to Abbreviated New Drug Application ("ANDA") No. 91-553 (the "Perrigo ANDA"); (ii) the term "Generic Fluticasone" shall mean a fluticasone propionate lotion 0.05% that, at any time during the term of the Settlement Agreement, is the subject of an ANDA or application under 21 U.S.C. § 355(b)(2) that refers to any product that is manufactured, used, sold, offered for sale or

distributed pursuant to New Drug Application ("NDA") No. 21-152 (but excluding any supplements or amendments to NDA No. 21-152 after the execution date of the Settlement Agreement that change the form of administration or active ingredient(s)) as the reference-listed drug (the "Approved Cutivate Product"), or is sold, offered for sale or distributed under an ANDA or application under 21 U.S.C. § 355(b)(2) that refers to the Approved Cutivate Product as the reference-listed drug, but that is not sold under the trademark or trade name Cutivate® or another Nycomed trademark or trade name; and (iii) the term "Affiliate" shall mean any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with Perrigo; for purposes of this definition, "control" (a) means ownership, directly or through one or more intermediaries, of (1) more than fifty percent (50%) of the shares of stock entitled to vote for the election of directors, in the case of a corporation, or (2) more than fifty percent (50%) of the equity interests in the case of any other type of legal entity or status as a general partner in any partnership, or (b) any other arrangement whereby an entity or person has the right to elect a majority of the board of directors or equivalent governing body of a corporation or other entity or the right to direct the management and policies of a corporation or other entity.

   3. Perrigo has admitted that United States Patent No. 7,300,669 (the "Nycomed Patent") is enforceable and valid with respect to the Perrigo Product and Generic Fluticasone in or for the United States.

   4. In any other or future cause of action or litigation in the United States, Perrigo shall not dispute that the Nycomed Patent is enforceable and valid except as reserved and provided for under the terms of the Settlement Agreement.

5. Perrigo has admitted, for itself and its Affiliates, that the manufacture, use, sale, offer to sell, importation or distribution of the Perrigo Product by or on behalf of Perrigo or its Affiliates, including pursuant to the Perrigo ANDA would infringe the Nycomed Patent pursuant to 35 U.S.C. §§ 271(a), (b) and (c).

6. Except as and to the extent permitted by the Settlement Agreement, Perrigo, including any of its successors and assigns, is permanently enjoined from making, having made, using, selling, offering to sell, importing or distributing in or for the United States the Perrigo Product or any other Generic Fluticasone, either directly or indirectly, on its own part or through any Affiliate, officer, agent, servant, employee or attorney, or through any person in concert or coordination with Perrigo.

7. Perrigo's counterclaims are dismissed with prejudice, except as reserved and provided for under the Settlement Agreement.

8. Perrigo has agreed that, in the event of breach or violation by Perrigo of the terms of this Consent Judgment, jurisdiction and venue for an action for a preliminary injunction against the breaching conduct exists in this District Court, and Perrigo hereby waives any and all defenses based on personal jurisdiction and venue.

9. Compliance with this Consent Judgment may be enforced by Nycomed and its successors in interest, or assigns, as permitted by the terms of the Settlement Agreement.

10. This Court retains jurisdiction to enforce or supervise performance under this Consent Judgment and the Settlement Agreement.

11.  Except as provided above, all claims, counterclaims, affirmative defenses and demands in this action are hereby dismissed with prejudice and without costs, disbursements or attorneys' fees to any party.

Hon. Carol Bagley Amon, U.S.D.J.

We hereby consent to the form and entry of this Order

P. Benjamin DeWitt Duke
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: 212-841-1000
Facsimile: 646-441-9072
pduke@cov.com

Jeffrey B. Elikan
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202-662-6000
Facsimile: 202-778-5597
jelikan@cov.com

*Attorneys for Nycomed US Inc.*

Frank J. Ciano
Michael A. Suarez
Goldberg Segalla LLP
170 Hamilton Avenue, Suite 203
White Plains, NY 10601
Telephone: 914-798-5400

Bruce M. Gagala
Jeffrey B. Burgan
Leydig, Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, IL 60601
Telephone: 312-616-5600

*Attorneys for Perrigo Israel Pharmaceuticals, Ltd. and Perrigo Company*